## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEON V. LIPSCOMB,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-cv-2800-NJR** |
| **JILIAN CRANE, TERA WILKES, ANTHONY WILLS, and JOHN DOE #1 CORRECTIONAL OFFICER,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Lipscomb was allowed to proceed on two counts related to his mental healthcare and care he received during a hunger strike (Doc. 13, p. 4). Lipscomb also was also allowed to proceed against an unknown correctional officer ("John Doe #1") related to his claim that staff failed to protect him from self-harm (Doc. 13).

Lipscomb recently filed a motion to amend (Doc. 23). Given the concerning nature of the allegations raised in the motion, the motion to amend was filed under seal. Lipscomb seeks to amend his Complaint by adding additional claims related to a sexual assault that he alleges was committed by an officer who is not currently a party to this lawsuit. He seeks injunctive relief in the form of a temporary restraining order to protect

him from further attack by this officer. He also seeks to amend his Complaint by identifying the John Doe correctional officer as L. Krondo (*Id*.). This correctional officer is not the same officer who allegedly committed the assault described in his motion.

To the extent Lipscomb seeks to identify the John Doe correctional officer in this case, the motion is **GRANTED**. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** L. Krondo in place of the John Doe Correctional Officer and to serve him in accordance with the threshold order (Doc. 13). Anthony Wills was added to the case in his official capacity for purposes of responding to discovery aimed at identifying the John Doe. As such, he was not required to file an Answer. Because the John Doe Officer has now been identified, Anthony Wills is **DISMISSED without prejudice.** Wills's motion to clarify (Doc. 22) is **DENIED as moot**.

To the extent Lipscomb seeks to amend his Complaint to add allegations against previously dismissed individuals, the request is **DENIED**. The Court does not accept piecemeal amendments. Lipscomb would have to file a motion to amend and submit a proposed Amended Complaint containing both his original and newly proposed allegations.

Turning to Lipscomb's allegations that an officer has sexually assaulted him and threatened to assault him in the future, those claims are unrelated to the claims in his current lawsuit, occurred after the filing of his lawsuit, and involve a non-party. Although he also alleges that Defendant Jilian Crane and L. Krondo have threatened him in regard to the alleged rape, those allegations also occurred after the filing of this claim and appear to be unrelated to his current claims. Thus, Lipscomb cannot pursue these

claims in this lawsuit. But the Court finds these allegations to be extremely concerning. Thus, to the extent that Lipscomb raises a new claim, the Clerk of Court is **DIRECTED** to open a new case and file the pending motion (Doc. 23) as a motion for temporary restraining order. **The motion shall remain under seal at this time.** Lipscomb will then have **seven days** to inform the Court whether he wants to proceed with the newly opened case and file a formal complaint. In order to expedite a response to these concerning allegations, Anthony Wills will be **ADDED** to the new case, in his official capacity only.

For the reasons stated above, Lipscomb's new allegations in his motion for leave to amend (Doc. 23) will be filed as a new case against Sergeant Brumleve, Jilian Crane, L. Krondo, and Anthony Wills (official capacity only). The Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order; and

- The Motion to Amend (Doc. 23), labeled as a "Motion for Temporary Restraining Order," (under seal).

Once the new case is opened, Wills will have **two weeks** to file a response to the pending motion for temporary restraining order in that case. To the extent that Lipscomb seeks a temporary restraining order in this case for these new, unrelated claims, his motion (Doc. 23) is **DENIED**.

　　　　**IT IS SO ORDERED.**

　　　　**DATED:   December 18, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**