IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEON V. LIPSCOMB, R25793,

    Plaintiff,

v.

JILIAN CRANE, TERA WILKES, and
L. KORANDO,

    Defendants.

Case No. 23-cv-2800-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections currently confined at Menard Correctional Center, brought this lawsuit concerning incidents in July and August 2023 related to a hunger strike and acts of self-harm. About six weeks after filing the complaint, Lipscomb filed a Motion for a Preliminary Injunction (Doc. 12), which was denied because it sought relief connected to a claim that was insufficient to proceed. (Doc. 13 at 11-12). Lipscomb later filed a Motion to Amend (Doc. 23) that contained serious allegations that were also unrelated to the primary claims in this case. The Court directed that the motion be severed into a new case so that the new and distinct allegations could be handled in an appropriate fashion—*Lipscomb v. Brumleve, et al.*, Case No. 23-cv-3959-NJR. (Doc. 24). In January 2024, Lipscomb filed a "Notice" wherein he sought medical care for severe pain, but the Court informed him that such a notice was not appropriate in this case and was not relevant to the underlying claims. (Docs. 35, 36). Lipscomb has now filed a Second Motion for a Preliminary Injunction. (Doc. 46).

    In the latest Motion (Doc. 46), Lipscomb seeks a "TRO on Defendant L. Korando a defendant in his complaint because of on going harassment due to the complaint." (Doc. 46 at 1).

Korando has denied him food on several occasions, with the most recent denial on March 26, 2024. Additionally, on March 26, Korando and another officer allegedly opened the hatch to Lipscomb's cell and unnecessarily deployed a chemical agent after he had already stopped the self-harm. He alleges this was excessive force. He further claims that his life has been endangered because Korando tells other inmates that he raped and killed a baby, which results in threats to his safety. Korando allegedly has not allowed Lipscomb to shower since January 2024, and he has not allowed him any supplies to clean himself or his "nasty" crisis cell.

Lipscomb further alleges Korando is sexually harassing him and that Korando is a homosexual who desires a sexual relationship with Lipscomb. (Doc. 46 at 2). Lipscomb claims Korando is currently under investigation for having a sexual relationship with other inmates. Lipscomb also alleges that Korando continues to threaten to beat him up in the mental health room where there are no cameras and staff regularly assault inmates.

Lipscomb goes on to allege that he suffers from serious mental illness and that he fears for his life and safety. (Doc. 46 at 2). He alleges that a mental health provider has told him that his life is in danger at Menard, and they have also told him that he fits the criteria to be transferred to a residential treatment unit (RTU). Lipscomb asks the Court to hold a hearing and to take testimony from two mental health providers, whom he alleges will testify that he should be transferred to an RTU. Finally, he asks that the Court order that he and Korando be separated, even if that means that Lipscomb has to be relocated. (Doc. 46 at 3).

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words,

a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court also must decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm that cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.; Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

Here, Lipscomb seeks mandatory injunctive relief in the form of a keep-separate order from Korando and/or a transfer to an RTU. He mentions other issues like the lack of access to a shower or cleaning supplies, but he ultimately does not seek relief specific to these issues. On initial review, Lipscomb was allowed to proceed in this case concerning a hunger strike and acts of self-harm in July and August 2023. (Doc. 13). One of the named defendants is Korando, a prison

officer who allegedly provided him with a staple in August 2023 and encouraged him to commit self-harm or to kill himself. (Doc. 13 at 10). Lipscomb was allowed to proceed against Korando on an Eighth Amendment deliberate indifference claim.

Though Lipscomb now seeks injunctive relief from Korando for ongoing harassment, it does not appear that the recent events have an explicit tie to the only existing claim against Korando. Lipscomb's original claim against Korando involves an incident of self-harm in August 2023, whereas his new allegations concern a variety of different interactions with Korando in Spring 2024, nearly a year later. Now Lipscomb alleges that Korando has denied him food a few times, he has used excessive force, he has shared information with inmates about Lipscomb that resulted in threats against him, and he has made repeated threats of sexual or physical harassment. Although allegations of this nature may be concerning at face value,[1] they are not related to the only pending claim against Korando, which is an Eighth Amendment claim premised on Korando's alleged encouragement of Lipscomb to commit self-harm.

To properly grant injunctive relief, the relief sought must be related to an underlying claim. The purpose of injunctive relief is to maintain the status quo related to the underlying claims while the litigation unfolds. Here, the relief sought is not related to the underlying allegations, so the Court cannot properly grant injunctive relief on the new allegations. The new allegations also do not suggest that if the Court granted the relief sought, separation from

---

[1] The Court notes that this is the second pleading that Lipscomb filed in this case with troubling allegations. In December 2023, Lipscomb filed a "Motion to Amend" wherein he described a serious sexual assault by a correctional officer. The Court characterized these allegations as serious but distinct from the claims in this lawsuit, so it directed that a new case be opened and that the Motion to Amend be treated as an emergency motion in the new case for expedited handling. *See Lipscomb v. Brumleve, et al.*, 23-cv-3959-NJR. In that case, the Court ultimately conducted an evidentiary hearing where it heard testimony from Lipscomb and from prison staff and eventually concluded that Lipscomb's allegations could not substantiate his claim for emergency relief. Of course, these credibility findings are limited to the issues in *Lipscomb v. Brumleve*, but it is worth mentioning that the Court has taken Lipscomb's past troubling allegations very seriously, and it has taken immediate action in response to issues he raised. Against this backdrop, the Court treats the present allegations as serious, but it will not go so far as to automatically initiate a new case on Lipscomb's behalf to further investigate.

Korando or relocation to an RTU, that either thing would be necessary to maintain the status quo on the existing claims in this litigation because the existing claims are about past harms from a hunger strike and discrete attempts at self-harm. Lipscomb makes no mention in the new Motion for a Preliminary Injunction about a hunger strike or self-harm. Instead, his new allegations may more closely align with an Eighth Amendment harassment claim, or a First Amendment retaliation claim, neither of which exist in the present complaint. As such, if Lipscomb feels it is necessary to pursue injunctive relief for these more recent events described in his motion, he will first need to initiate a proper amended complaint or freestanding lawsuit about these incidents.

Lipscomb's second Motion for a Preliminary Injunction (Doc. 46) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  April 25, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**